IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

ANTAWANS ENGRAM,

      Plaintiff,

vs.

DALE CARPENTER, L&T TRUCKING, INC.,
STAAR LOGISTICS, LLC,

      Defendants.

ELECTRONICALLY FILED
3/14/2022
U.S. DISTRICT COURT
Northern District of WV

No.: _5:22-cv-49_____

Judge: _Bailey_____

## **COMPLAINT**

NOW, comes the Plaintiff, Antawans Engram, by and through his undersigned counsel, James G. Bordas, III, Esquire, Christopher J. McCabe, Esquire, and the law firm of BORDAS & BORDAS, PLLC, who, for his Complaint against the Defendants, Dale Carpenter, L&T Trucking, Inc., and Star Logistics, LLC states as follows:

1.    The Plaintiff, Antawans Engram ("Plaintiff Engram") at all times material and relevant hereto, was an adult individual who resided at 1792 Cardinal Circle, Fayetteville, North Carolina 28312.

2.    It is believed and therefore averred that Defendant, Dale Carpenter ("Defendant Carpenter") at all times material and relevant hereto, was an adult individual who resided at 398 Country Road, Fairview, West Virginia 26570.

3.      It is believed and therefore averred that Defendant, L&T Trucking, Inc. ("Defendant L&T") at all times material and relevant hereto, was a corporation organized and existing under the laws of the State of Ohio, with a principle place of business located at 32046 Redhill Road, Langsville, Ohio 45741.

4.      It is believed and therefore averred that Defendant, Staar Logistics, LLC ("Defendant Staar") at all times material and relevant hereto, was a limited liability corporation, organized and existing under the laws of the State of Pennsylvania, with a principle place of business located at 560 Myrtle Street, Reynoldsville, Pennsylvania 15851.

5.      Defendants Carpenter, L&T and Staar at all times material and relevant hereto, acted by and through their actual, apparent, entrusted, authorized and/or ostensible agent, employees, contractors, and/or servants, which included, but was not limited to, Ira Hutchinson ("Hutchinson"), and conducted business throughout the State of West Virginia, including, but not limited to, Marshall County.

6.      Hutchinson at all times material and relevant hereto, was an actual, apparent, entrusted, authorized and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of Defendants Carpenter, L&T and Staar, as described more fully throughout this Complaint.

7.      Defendants Carpenter, L&T and Staar at all times material and relevant hereto, were considered to be Interstate Motor Carriers as defined by the Federal Motor Carriers Safety Regulations ("FMCSR"), and were required to

comply with all applicable provisions/regulations provided for by the Federal Motor Carrier Safety Administration ("FMCSA") and the FMCSR.

8.    In the alternative, Defendant Starr was a freight forwarder, who also owned and controlled the trailer Hutchinson was pulling, and still required to comply with applicable provision/regulations provided for by the FMCSA and FMCSR, and provided logistical planning and execution concerning the load that Hutchinson was hauling and/or traveling to haul at all times in question.

9.    Hutchinson at all times material and relevant hereto, was the permissive operator of a 2012 Kenmore Tractor (VIN #1XKAD49X2CJ398507) with an attached trailer (hereinafter "tractor-trailer combination").

10.    Hutchinson at all times material and relevant hereto, operated said tractor which displayed Defendants Carpenter and L&T's business placard along with the federally issued USDOT (#1837774) and MC (#666164) number issued to Defendant L&T.

11.    The tractor which Hutchinson was permissively operating at all times material and relevant hereto, was owned by, registered to, leased to and acting under the direct control, direction, authority and supervision of Defendants Carpenter and L&T.

12.    Hutchinson at all times material and relevant hereto was the permissive operator/pulling a 2019 CHEETA Sandbox trailer (VIN #5EF2DF38XKB791460).

13.    The trailer which Hutchinson was permissively operating/pulling at all times material and relevant hereto, was owned by, registered to, leased to and

acting under the direct control, direction, authority and supervision of Defendant Staar.

14.     The trailer which Hutchinson was permissively operating/pulling at all times materials and relevant hereto displayed Defendant Staar's business placard along with the company's federal issued USDOT (#2325139).

15.     It is believed and therefore averred that at all times material and relevant hereto, Defendant Carpenter leased the tractor that Hutchinson was operating to Defendant L&T.

16.     It is believed and therefore averred that at all times material and relevant hereto, the tractor which Hutchinson was operating was being operated under the authority provided to Defendant L&T by the FMCSA, specifically, USDOT 1837774 and ICCMC 666164.

17.     It is believed and therefore averred that Defendant Starr at all times material and relevant hereto, was a commercial carrier, freight forwarder, logistical management company, broker, shipper and/or registered broker who was involved in the utilization of commercial motor vehicles to ship and/or transport products/materials in furtherance of its specific business, or the specific businesses of its customers, as either a freight forwarder, shipper, broker, commercial carrier and/or logistical management company.

18.     Defendant Starr at all times material and relevant hereto, was required to comply with all applicable provisions/regulations provided for by the FMCSA and the FMCSR concerning its specific relationship with commercial carriers and/or owners of commercial motor vehicles, including, but not limited to

Defendants Carpenter and L&T, as described more fully throughout this Complaint.

19.     It is believed and therefore averred that Defendant Starr at all times material and relevant hereto, was responsible for all logistical activity/freight forwarding concerning the load that Hutchinson was delivering and/or picking up at the time of the crash.

20.     It is believed and therefore averred that Defendants Starr, Carpenter and L&T at all times material and relevant hereto, entered into a contract and/or agreement, which encompassed the transportation of the load that Hutchinson was delivering and/or picking up at the time of the crash.

21.     It is believed and therefore averred that Defendant Starr at all times material and relevant hereto was specifically engaged in the business of providing services and goods; loading/shipping/transporting goods Interstate; hiring commercial carriers and/or owners of commercial equipment to transport goods Interstate; hiring commercial carriers and/or owners of commercial equipment to ship goods Interstate; retaining brokers, who in turn would locate, communicate with and hire commercial carriers and/or owners of commercial equipment to ship goods; advertising, promoting, distributing, selling and otherwise placing into the stream of commerce, goods, products and/or services related to being a professional broker, shipper, logistical management company and/or freight forwarding of goods and/or use of commercial carriers and/or owners of commercial equipment to transport such goods.

22.    Defendants Carpenter, L&T and Staar at all times material and relevant hereto, were businesses that continuously employed, worked with and/or associated with each other in a manner that relates to all aspects of the business of professional commercial carrier companies and loading/shipping/transporting goods/products by utilizing commercial carriers.

23.    It is believed and therefore averred that Defendant Starr at all times material and relevant hereto, hired, contracted with and/or utilized Defendants Carpenter and L&T to load/transport/deliver goods in direct furtherance of their specific business operation as a commercial carrier, freight forwarder, logistical management company, broker, shipper and/or registered broker.

24.    In the alternative, Defendants Carpenter and L&T secured the subject load on their own but Defendant Starr permitted the use of its equipment (trailer) to transport said load.

25.    Hutchinson at all times material and relevant hereto, was the permissive operator of a commercial motor vehicle that displayed Defendant L&T's business placard and federally issued USDOT and ICCMC Numbers.

26.    Hutchinson at all times material and relevant hereto, operated a commercial motor vehicle (tractor and trailer) that were owned by, registered to and acted under the direct control, direction, authority and supervision of Defendants Carpenter, L&T and Starr.

27.     Defendants Carpenter, L&T and Starr at all times material and relevant hereto, had possession and control over the conduct, actions, inactions, omissions and behavior of Hutchinson, while he operated and/or possessed the subject tractor and trailer combination at the time of the crash.

28.     Defendants Carpenter, L&T and Starr at all times material and relevant hereto, performed separate functions and/or committed separate acts and/or omissions, as set forth throughout this Complaint, so as to independently and/or individually cause the injuries and damages to Plaintiff, as set forth more fully throughout this Complaint.

29.     It is believed and therefore averred that prior to July 23, 2020, Defendant Starr offered Defendants Carpenter and/or L&T to enter into a contract and/or agreement requiring Defendants Carpenter and/or L&T to load/transport/deliver goods in direct furtherance of Defendant Starr's specific business operation as a commercial carrier, freight forwarder, logistical management company, broker, shipper and/or registered broker.

30.     In the alternative, Defendants Carpenter and/or L&T independently secured the subject load that Hutchinson was delivering and/or picking up, however, Defendant Starr permitted Defendants Carpenter and/or L&T to use its trailer identified throughout this Complaint.

31.     It is believed and therefore averred that Defendants Carpenter and/or L&T signed/accepted the terms/conditions of Defendant Starr's contract and/or agreement which required Defendants Carpenter and/or L&T to load/transport/deliver goods in direct furtherance of Defendant Starr's specific

business operation as a commercial carrier, freight forwarder, logistical management company, broker, shipper and/or registered broker.

32.    It is believed and therefore averred that Defendants Carpenter and/or L&T at all times material and relevant hereto, entered into a contract(s) and/or agreement(s) where Defendant Starr provided specific terms/requirement concerning the loads to be picked up and delivered which included, but were not limited to:

a)    Transportation of goods to and from various points and destinations.

b)    Specific routes to take, specific service areas and/or the only route that would be paid.

c)    Motor Vehicle Report Service.

d)    Performance reviews of the companies and their drivers.

e)    Telematics Services.

f)    Safety & Compliance training and Consultation.

g)    Driver training.

h)    Insurance requirements of companies transporting goods.

i)    Tracking of goods.

j)    How payments were to be made.

k)    How invoices for payments were to be submitted.

l)    How disputes for payment were to be done.

m)    Site and project location requirements.

33.    The terms of such contract(s) and/or agreement(s) establish not only Defendant Starr's ability to, but its absolute right to control the conduct/actions of Defendants Carpenter and/or L&T, along with any permissive operators utilizing Defendants Carpenter and L&T's commercial equipment and/or

federally issued operating authority, including, but not limited to Hutchinson, whenever transporting/delivering a supplied/tendered load for and/or in direct furtherance of Defendant Starr's specific business operation as a commercial carrier, freight forwarder, logistical management company, broker, shipper and/or registered broker.

34.     Defendants Carpenter, L&T and Starr at all times material and relevant hereto, by and through their actual, apparent, authorized and/or ostensible agents, employees and/or servants:

a) Controlled the operation of Hutchinson' tractor and trailer;

b) Permitted Hutchinson to use its tractor;

c) Permitted Hutchinson to use its trailer;

d) Permitted Hutchinson to use its federally issued USDOT and ICCMC Numbers;

e) Allowed goods to be transported using its federally issued USDOT and ICCMC Number;

f) Controlled the actions and/or omissions of those transporting goods on behalf of Defendants Carpenter, L&T and Starr, including Hutchinson;

g) Controlled the time frame in which those transporting goods on behalf of Defendants Carpenter, L&T and Starr should deliver said loads, including Hutchinson;

h) Controlled the direction in which those transporting goods on behalf of Defendants Carpenter, L&T and Starr should travel, including Hutchinson;

i) Controlled the specific amount, by providing what route would be paid for, concerning those transporting goods on behalf of Defendants Carpenter, L&T and Starr, including Hutchinson;

j) Directed and/or instructed those transporting goods on behalf of Defendants Carpenter, L&T and Starr as it concerns the specific loads being delivered, including Hutchinson;

k) Directed and/or instructed those transporting goods on behalf of Defendants Carpenter, L&T and Starr as it concerns their specific

conduct whenever picking up and/or delivering loads at different location, including Hutchinson;

l) Operated the subject tractor and trailer;

m) Bore responsibility for the subject tractor and trailer in fact and law;

n) Bore responsibility for the subject load in fact and law and/or

o) Performed and/or failed to act pertaining to all necessary maintenance of the subject tractor trailer.

35.   Defendants Carpenter, L&T and Starr at all times material and relevant hereto, acted by and through actual, apparent, authorized and/or ostensible agents, employees, and/or servants, including but not limited to Hutchinson, who were acting:

a) Within the scope of their agency and/or employment with the Defendants Carpenter, L&T and Starr;

b) In furtherance of the Defendants Carpenter, L&T and Starr's specific business and under the actual, apparent, authorized and/or ostensible authority, control and/or right of control of Defendants Carpenter, L&T and Starr; and/or

c) In the service of the Defendants Carpenter, L&T and Starr;

36.   Hutchinson at all times material and relevant hereto:

a) Committed acts and/or omissions of a kind and nature for which he was retained, contracted, allowed, permitted and/or employed to perform by Defendants Carpenter, L&T and Starr;

b) Acted and/or failed to act within the authorized time and spatial limits, set and/or established for him by Defendants Carpenter, L&T and Starr;

c) Acted and/or failed to act within the specific parameters established for him by Defendants Carpenter, L&T and Starr; and/or

d) Acted and/or failed to act during the time frame during which he served the interests and/or purposes of the Defendants Carpenter, L&T and Starr.

37.   Hutchinson at all times material and relevant hereto, was operating a tractor and trailer as an actual, apparent, authorized and/or ostensible agent, employee, and/or servant of Defendants Carpenter, L&T and Starr, and was specifically dispatched by those Defendants to pick-up and transport goods that required him to travel in, around and through Marshall County, West Virginia.

38.   Defendants Carpenter, L&T and Starr at all times material and relevant hereto, failed to comply with Part 391 of the FMCSR pertaining to Hutchinson, as specifically provided for throughout this Complaint.

39.   Defendants Carpenter, L&T and Starr at all times material and relevant hereto, failed to comply with any of the specific requirements to Part 391 of the FMCSR, as specifically provided for throughout this Complaint.

40.   Additionally, at all times relevant hereto, Defendant Starr failed to also comply with the following subparts of Part 391:

a)   Subpart C – Background and Character

i.   This Defendant did not ever request from Defendant L&T the application that Hutchinson was required to complete prior to being allowed to operate using this carrier's federally issued authority (Section 391.21);

ii.   This Defendant did not ever request any investigations and inquiries made by Defendant L&T into Hutchinson prior to allowing him to operate a commercial motor vehicle using its federally issued authority (Section 391.23);

iii.   These Defendants did not ever request any annual inquiry and review of Hutchinson' driving record which were/should have been obtained Defendant L&T and/or Carpenter;

b)      Subpart D – Tests

i.      This Defendant never required Hutchinson to undergo a road test, nor did they ever request from Defendant L&T a copy of Hutchinson' road test, or the equivalent of a road test (Sections 391.31 and 391.33);

c)      Subpart E – Physical Qualifications

i.      This Defendant permitted Hutchinson to operate a tractor trailer combination without having him undergo and/or requiring proof he had a valid medical certificate certifying that he was physically/medically qualified to operate a box truck;

d)      Subpart F – Files and Records

i.      These Defendants never asked Defendant L&T for and/or reviewed the Driver Qualification File for Hutchinson (Section 391.51).

41.    Defendant Starr at all times relevant hereto, simply allowed Hutchinson to operate a tractor and trailer combination in direct furtherance of its business operations without consideration of the specific person to whom would be operating it, or that person's qualifications to do so safely and legally.

42.    On or about July 23, 2020, Defendants Carpenter and/or L&T were provided by Defendant Starr specific instructions for the pick-up and delivery of a load that Defendants Carpenter and/or L&T were hauling and/or on the way to pick-up at the time of the crash.

43.    Defendants Carpenter, L&T and Starr at all times material and relevant hereto, were all responsible for and/or required to oversee, manage, control and/or direct the actions/omissions of Hutchinson.

44.    Defendants Carpenter, L&T and Starr at all times material and relevant hereto, knew, or should have known, of all applicable/relevant federal, state and/or local laws prohibiting certain conduct which makes it unsafe and/or illegal to operate commercial motor vehicles.

45.    Defendants Carpenter, L&T and Starr at all times material and relevant herein, did not attempt to have Hutchinson comply with applicable federal, state and/or local requirements when he operated the subject tractor trailer.

46.    On or about July 23, 2020, Hutchinson was operating a tractor and trailer combination in an easterly direction on Robert's Ridge Road, approaching a right hand curve in Marshall County, West Virginia, while transporting, or on the way to pick up a load for and/or on behalf of Defendants Carpenter, L&T and Starr.

47.    Defendant Starr at all times material and relevant herein, determined, directed, ordered, controlled and/or instructed Defendants Carpenter/L&T and Hutchinson concerning the particulars as to transporting the subject load, specifically, as to how, when, where and what was to be delivered.

48.    On July 23, 2020, Hutchinson while traveling in an easterly direction of Robert's Ridge Road, approaching a right hand curve in Marshall County, West Virginia, was acting within the course and scope of his actual and/or ostensible agency and/or employment with Defendants Carpenter, L&T and Starr.

49.     Hutchinson at all times material and relevant hereto, was required to adhere to all logistics/plans/directions/orders/requests made by Defendants Carpenter, L&T and Starr.

50.     Based upon the above, Defendants Carpenter, L&T and Starr are all directly responsible for Hutchinson's actions/inactions/omission when he was operating the tractor and trailer at the time of the crash.

51.     On July 23, 2020, Plaintiff Engram, was operating a 2013 Chevrolet Silverado in a westerly direction of Robert's Ridge Road in Marshall County, West Virginia.

52.     Following the traffic pattern/conditions, Plaintiff Engram was acting lawfully, prudently, reasonably and cautiously as he was traveling down the roadway.

53.     Hutchinson at all times material and relevant hereto, operated the tractor and trailer combination at an excessive, unsafe and/or unreasonable speed based on the existing conditions, which included, but were not limited to, approaching a right hand turn in the roadway.

54.     Suddenly and without warning, Hutchinson negligently, carelessly, recklessly and outrageously caused his tractor trailer to travel left of center and overturn onto the roadway and continue traveling forward.

55.     Hutchinson's negligent, careless, reckless and outrageous driving actions and omissions caused his over turned tractor trailer to continue sliding in an easterly direction and eventually collide into Plaintiff Engram's vehicle that was traveling westbound on the same roadway.

56.     The violent/forceful impact of Hutchinson's tractor and trailer, directly and proximately caused Plaintiff Engram's pick-up truck to come to a stop, causing Plaintiff Engram's vehicle to be completely crushed and resulting in his significant/permanent injuries/damages.

57.     Hutchinson at all times material and relevant hereto, operated his tractor and trailer combination at such an excessive, unsafe and/or unreasonable speed that he caused it to go left of center, overturn onto its driver side and continue sliding down Robert's Ridge Road/C.R. 21 until it slammed into Plaintiff Engram's pick-up truck which had nowhere to go.

58.     Hutchinson at all times material and relevant hereto, negligently, carelessly and recklessly put a commercial vehicle onto the roadway when it had inside marijuana cigarettes which are strictly prohibited under the FMCSR.

59.     Hutchinson at all times material and relevant hereto, owed Plaintiff Engram a duty to exercise due and reasonable care to maintain control of the tractor and trailer he was permitted to operate at a safe and reasonable speed so it would not go left of center, overturn and crash into another vehicle.

60.     Hutchinson at all times material and relevant hereto, owed Plaintiff Engram a duty to exercise due and reasonable care to obey all applicable regulations, rules and laws.

61.     Hutchinson at all times material and relevant hereto, breached his duty of care to all vehicles traveling on Robert's Ridge Road, specifically Plaintiff Engram, when he negligently, carelessly and/or recklessly caused a violent and deadly rear-end collision.

62.    Hutchinson at all times material and relevant hereto, breached his duty of care to all vehicles traveling I-470, specifically Plaintiff Engram, when he negligently, carelessly and/or recklessly failed to be aware/cognizant of all circumstances/events that were occurring in front of his vehicle, and then he negligently, carelessly and recklessly caused his vehicle to go left of center, overturn and crash into Plaintiff Engram's pick-up.

63.    Hutchinson' negligent, careless and/or reckless driving actions and/or omissions were the direct and proximate cause of the subject crash and Plaintiff Engram's significant and permanent injuries.

64.    Defendants Carpenter, L&T and Starr, along with Hutchinson's, negligent, careless and reckless actions and/or omissions as directly provided for throughout this Complaint, directly resulted in Plaintiff Engram sustaining significant personal injuries to his head, brain, neck, cervical spine, lumbar spine, thoracic spine, shoulders, injuries to his arms, injuries to his legs, injuries to his feet, scarring, deformities and significant emotional and psychological issues.

65.    Some, if not all of Plaintiff Engram's crash related injuries are significant, permanent and are considered to be a substantial deformity/disfigurement and permanent physical function injury.

66.    Defendants Carpenter, L&T and Starr, along with Hutchinson's, negligent, careless and reckless actions and/or omissions, as directly provided for throughout this Complaint, were the direct and proximate cause of the

subject violent preventable crash and the injuries/damages suffered by Plaintiff Engram.

67.    Plaintiff Engram at all times material and relevant hereto, operated his vehicle in a safe and prudent manner, and in no way caused or contributed to the subject collision.

68.    The injuries and damages suffered by Plaintiff and Plaintiff Engram are the direct and proximate result of Hutchinson's negligent, careless and/or reckless conduct, in the following particulars:

    a)  Failing to maintain proper control of his vehicle;

    b)  Failing to keep a proper lookout for traffic and roadway conditions that existed in front of his tractor and trailer combination;

    c)  Failing to keep an appropriate lookout for surrounding traffic;

    d)  Continuing to operate his tractor and trailer combination in a direction towards Plaintiff Engram's vehicle when he saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a collision;

    e)  Causing his tractor and trailer to go left of center;

    f)  Causing his tractor and trailer to overturn;

    g)  Causing his tractor and trailer to collide with another vehicle traveling in the opposite travel lane/direction;

    h)  Operating a tractor trailer combination while he was distracted and/or inattentive and failed to maintain a sharp lookout of the road and the condition of the traffic surrounding him;

    i)  Operating his tractor and trailer while under the influence of alcohol and/or a controlled substance in violation of the FMCSR;

    j)  Failing to control the speed of the tractor trailer combination he was operating which caused it to move left of center and overturn;

    k)  Failing to operate the brakes in such a manner so that he could stop his tractor trailer combination before going left of center and/or overturning;

l)  Colliding with Plaintiff Engram's vehicle;

m) Failing to yield to Plaintiff Engram's right of way;

n)  Failing to comply with West Virginia law pertaining to the operation of a vehicle in a willful and wanton disregard for the safety of persons and property;

o)  Failing to comply with West Virginia law in that he operated his tractor trailer combination without due regard for the rights, safety and position of other motorists, including, but not limited to Plaintiff Engram's;

p)  Failing to comply with West Virginia law in that he operated his tractor trailer combination in a reckless manner;

q)  Operating his tractor trailer combination at a high, dangerous and reckless rate of speed under the circumstances that then and there existed;

r)  Operating a tractor trailer combination while distracted and/or fatigued;

s)  Failing to adhere to all Federal/State/Local regulations and laws when operating a commercial vehicle;

t)  Failing to adhere to all Defendants' internal policies and procedures concerning the safe and lawful operation of a tractor trailer combination;

u)  Violating industry standards concerning rest times, hours worked, hours driven, attentiveness, distracted driving and/or adhering to the traffic laws concerning the operation of commercial motor vehicles on highways and roads;

v)  Violating industry standards concerning having drugs inside of his tractor;

w) Failing to properly anticipate, plan and/or prepare for and/or prevent emergencies and/or equipment failure;

x)  Failing to comply with industry best practices and/or safety standards;

y)  Failing to employ and/or utilize defensive driving technics to monitor existing traffic and roadway conditions surrounding his vehicle;

z)  Causing a preventable collision;

aa) Operating a tractor trailer when he was physically and/or mentally unprepared and/or incapable of doing so safely;

bb) Failing to perform an appropriate pre-trip inspection;

cc) Failing to employ and/or utilize training he received to become a licensed commercial driver;

dd) Failing to employ and/or understand space management, specifically, managing the space in, around and in front of his vehicle at all relevant times;

ee) Failing to practice and/or understand, at minimum, safety standard concepts as outlined in the FMCSR and the Commercial Driving License manual;

ff) Failing to recognize obvious hazards which should have been anticipated and/or guarded against when operating a tractor trailer, specifically, being cognizant of vehicles stopping and/or slowing in his travel lane;

gg) Violating the applicable sections of the Federal Motor Carrier Safety Regulations ("FMCSR"), inasmuch as those sections provide the minimum, generally accepted standards of care in the trucking industry;

hh) Failed to keep proper lan;

ii) Drove too fast for conditions;

jj) Over correcting and over steering;

kk) Operating the tractor trailer combination in violation of the laws, ordinances and regulations of the State of West Virginia, in violation of FMCSR § 392.2; and

ll) Committing a serious driving violation in violation of WV Code.

69.   Hutchinson at all times material and relevant hereto was acting within the scope and course of his employment and/or specific relationship with Defendants Carpenter, L&T and Starr, as specifically outlined throughout this Complaint. Consequently, Defendants Carpenter, L&T and Starr are vicariously liable for all injuries and damages caused by the negligent, careless and/or reckless acts of Hutchinson pursuant to the doctrine of *respondeat superior*.

70.     Defendants Carpenter, L&T and Starr are fully liable for the acts of its respective actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, including, but not limited to, Hutchinson, who was/were operating within the course and scope of his/their employment and/or agency relationships pursuant to the doctrine of joint venture, vicarious liability and/or actual or implied agency, or other common law or statutory theories of liability.

71.     The injuries and damages suffered by Plaintiff Engram were also the direct and proximate result of Defendants Carpenter, L&T and Starr's own negligent, careless and reckless conduct in the following particulars:

a)  Failing to adequately monitor, control and/or supervise Hutchinson who was operating the tractor and trailer combination on behalf of the company;

b)  Permitting Hutchinson to operate a tractor and trailer combination without first undertaking adequate measures to ensure that he in fact possessed the requisite skills, ability, training, experience and/or was in fact capable of safely operating the equipment in a lawful manner, so as not to harm others driving on the roadway;

c)  Failing to ensure that Hutchinson complied with applicable FMCSR while operating a tractor trailer combination;

d)  Failing to inquire, investigate and/or determine whether Hutchinson was qualified to legally operate a tractor trailer combination on the day of the collision, in direct violation of Part 391 of the FMCSR;

e)  Failing to instruct and/or train its drivers, including Hutchinson, in the safe, proper and prudent operation of a tractor trailer to include, but not be limited to, the safety laws, rules and/or regulations provided in all applicable Commercial Drivers' Manuals, the FMCSR and/or the traffic laws of West Virginia;

f)  Failing to instruct and/or train its drivers, including Hutchinson, in drug and alcohol policies, specifically, that a driver cannot have drugs inside of a commercial motor vehicle being operated;

g)  Failing to create and educate its drivers, including Hutchinson, regarding the consumption of alcohol and drugs while operating a commercial motor vehicle;

h)  Failing to instruct and/or train its drivers, including Hutchinson, how to maintain a safe speed when operating a tractor trailer combination so as to avoid collisions with other vehicles using the roadway;

i)  Failing to instruct and/or train its drivers, including Hutchinson, how to maintain a safe speed when operating a tractor trailer combination so as to avoid failing to keep proper lane and causing collisions with other vehicles using the roadway;

j)  Failing to instruct and/or train its drivers, including Hutchinson, how to maintain a safe speed when operating a tractor trailer combination so as to avoid causing tractor trailers to overturn;

k)  Failing to instruct and/or train its drivers, including Hutchinson, regarding defensive driving techniques and/or the Smith Systems;

l)  Failing to instruct and/or train its drivers, including Hutchinson, of the importance of West Virginia Code 17-C-6-1, and to never operate a commercial motor vehicle at a speed greater than reasonable and prudent under the existing circumstances;

m) Failing to instruct and/or train its drivers, including Hutchinson, regarding space management in, around and in front of a tractor trailer, so as to avoid collisions with others utilizing the roadway;

n)  Failing to instruct and/or train its drivers, including Hutchinson, regarding speed management, speed and stopping distances, speed and visibility and speed and traffic flow, so as to avoid collisions with others utilizing the roadway;

o)  Failing to instruct and/or train its drivers, including Hutchinson, regarding various approved techniques for commercial drivers to perform a visual search ahead of their vehicle, so as to avoid collisions with others utilizing the roadway;

p)  Failing to instruct and/or train its drivers, including Hutchinson, regarding proper anticipation, to plan and/or prepare for, to prevent emergencies and/or prevent equipment failure, so as to avoid going left of center, causing vehicle to overturn and causing collisions with others utilizing the roadway;

q) Failing to ensure its drivers, including Hutchinson, complied with and/or observed the FMCSR in violation of 49 C.F.R. § 390.11;

r) Failing to ensure its drivers, including Hutchinson, conducted pre-trip, pre-operation, post-trip and/or post operation inspections as required by the FMCSR and the FMCSA;

s) Failing to implement company procedures and/or policies directed towards its drivers, including Hutchinson, concerning safe driving principles on traveled roadways;

t) Failing to develop policies and/or procedures directed to its drivers, including Hutchinson, concerning the proper, safe and lawful operation of a tractor trailer to protect other drivers on the road;

u) Failing to develop policies and/or procedures directed to its drivers, including Hutchinson, concerning drug and alcohol use;

v) Failing to develop policies and/or procedures directed to its drivers, including Hutchinson, concerning not having drugs and alcohol inside commercial motor vehicles;

w) Failing to properly instruct, train and/or educate its drivers, including Hutchinson, to not operate a tractor trailer combination while distracted;

x) Failing to properly instruct, train and/or educate its drivers, including Hutchinson, to not operate a tractor trailer combination while under the influence of drug or alcohol;

y) Permitting its drivers, including Hutchinson, to drive such equipment in an unsafe manner in direct violation of 49 C.F.R. §396.7;

z) Failing to comply with 49 C.F.R. 396.3 requiring proper vehicle inspections, repairs and maintenance;

aa) Failing to comply with 49 C.F.R. 396.13 requiring proper vehicle inspections by persons permitted to operate a commercial motor vehicle owned and/or controlled by Defendant;

bb) Failing to comply with 49 C.F.R. Section 390.13 which prohibits aiding, abetting, encouraging, and/or requiring violations of the FMCSR;

cc) Permitting Hutchinson to operate a tractor trailer on limited sleep, while drowsy, fatigued and/or sleepy in direct violation of 49 C.F.R. Section 392.3;

dd) Failing to ensure that Hutchinson only drove a tractor trailer within the specified number of hours he was permitted, as limited by federal and state law regulations;

ee) Failing to know and/or comply with the FMCSR, as required by 49 C.F.R. §390.3(e)(1);

ff) Failing to instruct Hutchinson on the requirements of the FMCSR, as required by 49 C.F.R. §390.3(e)(2);

gg) Failing to employ a competent and/or qualified safety director;

hh) Failing to adequately staff a safety department;

ii) Failing to inspect, maintain and/or repair the subject tractor trailer combination to ensure that all of its parts, mechanisms and equipment were working so it could safely operate in direct violation of 49 C.F.R. Section 392.7;

jj) Failing to intervene and/or prevent Hutchinson from violating Federal, State and/or Local Rules, Regulations and/or Laws when it knew and/or should have known that he was unaware of and/or had the propensity to violate same;

kk) Failing to comply with all applicable state and federal laws under the circumstances as provided for under FMCSR 390.3;

ll) Failing to comply with industry best practices and/or safety standards;

mm) Violating Federal, State and Local Safety Regulations, including the FMCSR;

nn) Failing to exercise due care generally; and

oo) Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff Engram.

72. Defendants Starr also had a duty to act reasonably in arranging transportation on public roadways, in investigating the fitness of commercial carriers they would use to transport goods, including, but not limited to, Defendants Carpenter and/or L&T, prior to contracting with and/or hiring commercial carriers to transport loads Interstate, and not to contract with, hire or retain a commercial trucking company, including, but not limited to Defendants Carpenter and/or L&T, that they knew, or should have known, posed

a risk of harm to others and which was otherwise not competent or fit to operate commercial motor vehicles on public roadways.

73.     Defendant Starr also had a duty to act reasonably in advising in the hiring and retaining of Defendants Carpenter/L&T and their drivers, including, but not limited to Hutchinson, and to adopt and enforce policies, procedures and rules to ensure that all of the commercial carriers that it would contract and/or hire to transport loads in direct furtherance of their specific business operations, had the experience, training and knowledge to safely operate commercial motor vehicles.

74.     Defendants Carpenter and/or L&T at all times material and relevant hereto, had a substantial history of unsafe driving violations, hours of service violations, vehicle maintenance violations, drug and alcohol violations and driver fitness violations.

75.     Based on the above, Defendants Carpenter and/or L&T were incompetent motor carriers, and hired an incompetent driver, Hutchinson. Such incompetency was a direct and proximate causes of this preventable collision.

76.     In addition to the above, Defendant Starr had the right to control the manner of work performed, the right to discharge, the method of payment and/or the level of skill involved, among other things, with respect to Defendants Carpenter and L&T and the transportation of goods/materials/cargo in direct furtherance of Defendant Starr's business operation.

77.     Defendant Starr is/was sophisticated logistic, freight forwarding, brokering shipping and transportation services providers that regularly engaged

in the business of freight forwarding/logistic management/brokering/shipping and knew, or should have known that Defendants Carpenter and L&T had a substantial history of violations, and was an incompetent motor carrier, and as such should have conducted further investigation and otherwise exercised due caution with respect to Defendants Carpenter/L&T and Hutchinson, which were unfit to operate safely and provide competent transportation.

78.    The injuries and damages suffered by Plaintiff Engram were the direct and proximate result of Defendant Starr's negligent, careless and/or reckless conduct, in the following particulars:

a)    Failing to exercise due care in arranging the transportation of goods and services;

b)    Hiring and/or retaining Defendants Carpenter/L&T and Hutchinson when they knew, should have known, or intentionally chose not to know, that Defendants Carpenter/L&T and Hutchinson presented a risk of harm to others and were otherwise incompetent and unfit to perform the duties of an interstate motor carrier;

c)    Failing to provide adequate safety and vehicle operation training to its agents, servants and/or employees in the use of its commercial motor vehicle, particularly Hutchinson;

d)    Failing to provide adequate safety and vehicle operation training to its agents, servants and/or employees in the use of its motor vehicles, particularly Hutchinson;

e)    Failing to monitor the Defendants Carpenter/L&T and Hutchinson in real time to make sure deliveries were done in a safe manner;

f)    Failing to discover or ascertain the inabilities, incompetence, and deficiencies of Defendants Carpenter/L&T and Hutchinson related to driving prior to entrusting him to deliver the subject load;

g)      Failing to properly control Hutchinson, and restrain him from operating a motor vehicle in order to prevent injury to the general public, including Plaintiff Engram, when said Defendants knew or should have known of the high likelihood that Hutchinson would operate a motor vehicle in a dangerous, negligent and reckless manner;

h)      Failing to control and supervise its agent, servant and/or employees, including but not limited to Hutchinson, in such a manner that Plaintiff Engram would not be injured as a result of his conduct;

i)      Failing to investigate and evaluate Hutchinson' medical, driving, and any other relevant background as it related to his employment as a driver for Defendants Carpenter/L&T, especially as it relates to  the operation of a motor vehicle;

j)      Failing to develop policies and procedures concerning proper operation of a tractor trailer combination that relate to control of said vehicle and/or adhering to laws protecting other drivers on the road;

k)      Failing to properly research the credentials of its employees, agents and/or servants to determine whether they are qualified, licensed, and/or competent to perform the services which Defendants hired them to perform;

l)      Hiring unqualified, unlicensed, and/or incompetent personnel to perform services which should only be performed by qualified professional drivers and persons;

m)      Permitting agents, employees and/or servants to perform jobs which its agents, employees and/or servants are not certified, registered, licensed, competent and/or qualified to perform;

n)      Failing to train, instruct and educate Hutchinson in the proper procedure and technique in the operation of a tractor trailer combination;

o)      Failing to train, instruct and educate Hutchinson in all the duties and procedures required when acting as an employee, agent and/or servant of Defendants Carpenter and L&T;

p)      Failing to enforce and/or prohibit fatigued drivers from operating a tractor trailer combination and/or making deliveries;

q) Failing to make sure drivers are attentive and not distracted when operating a tractor trailer combination;

r) Failing to ensure drivers did not operate commercial motor vehicles under the influence of alcohol or drugs;

s) Failing to ensure that drivers did not carry/transport drugs/alcohol inside of commercial motor vehicles;

t) Failing to make sure that traffic laws were followed by its drivers concerning driving on roads, highways and streets;

u) Failing to adopt policies and procedures to monitor drivers and/or deliveries;

v) Failing to make sure the driver was complying with all Federal, state, and local regulations and laws;

w) Allowing, directing and/or permitting Hutchinson to drive and/or work on limited sleep, while drowsy, fatigued and/or sleepy;

x) Allowing, directing and/or permitting Hutchinson to drive and/or work while under the influence of drugs and alcohol;

y) Failing to ensure that its agents, servants and/or employees only drove the specified number of hours as limited by federal, state, local laws and regulations;

z) Failing to comply and know the FMCSR as required by 49 C.F.R. Section 390(e)(1);

aa) Failing to instruct Hutchinson on the requirements of the FMCSR, as required by 49 C.F.R. Section 390.3(e)(2);

bb) Failing to know and comply with FMCSR, as required by 49 C.F.R. Section 390.3(e)(1);

cc) Failing to comply with 49 C.F.R. Section 390.3(e)(2);

dd) Failing to comply with 49 C.F.R. Section 390.13;

ee) Failing to comply with 49 C.F.R. Section 392.3 which prohibits driving when alertness is impaired by fatigue, illness, and/or other causes;

ff) Failing to comply with 49 C.F.R. Section 392.6 which prohibits scheduling runs and/or permitting or requiring vehicle operation between points in such a limited period of time as to necessitate excessive and/or unreasonable speeds for existing conditions;

gg) Failing to comply with 49 C.F.R. Section 390.11 which requires motor carriers to ensure that its drivers, agents, servants and/or employees comply with and/or observe the FMCSR;

hh) Failing to comply with 49 C.F.R. Section 396.7 which prohibits unsafe vehicle operation;

ii) Failing to comply with 49 C.F.R. Section 396.13 which requires proper vehicle inspections by the driver;

jj) Failing to comply with Federal, state and local laws and regulations;

kk) Failing to comply with 49 C.F.R. Section 390.13 which prohibits aiding, abetting, encouraging, and/or requiring violations of the FMCSR;

ll) Failing to properly anticipate, plan and/or prepare for, and/or prevent emergencies and/or equipment failure;

mm) Failing to properly train its agents, servants and/or employees to properly anticipate, plan and/or prepare for emergencies or equipment failure;

nn) Hiring Defendants Carpenter and L&T;

oo) Allowing Hutchinson to drive;

pp) Allowing Hutchinson to use its trailer;

qq) Failing to properly supervise Hutchinson and Defendants Carpenter and L&T;

rr) Failing to properly oversee and/or control Hutchinson and Defendants Carpenter and L&T when Defendant Starr knew, or should have known, it was necessary and reasonable;

ss) Failing to properly screen and perform background checks on their drivers and/or carriers;

tt) Failing to employ a competent and/or qualified safety director;

uu) Failing to adequately staff the safety department;

vv) Failing to ensure that vehicles being used to transport goods were properly maintained and/or cared for;

ww) Failing to conduct or require their drivers to conduct pre-trip, pre-operation, post-trip and post operation inspections;

xx) Failing to intervene and/or prevent and/or stop safety violations and/or violations of Federal, state, or local rules,

regulations and/or laws by Defendant Hutchinson when these Defendants knew or should have known of the same;

yy)  Failing to comply with industry best practices and/or safety standards;

zz)  Violating federal and state law;

aaa)  Violating federal, state and local safety regulations, including the FMCSR;

bbb)  Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff Engram;

ccc)  Failing to comply with all requirements stated previously in this Complaint;

ddd)  Negligently entrusting the tractor trailer combination to all Defendants and Hutchinson;

eee)  Negligently tendering/brokering/assigning a load to Defendants Carpenter/L&T and Hutchinson;

fff)  In hiring and/or entrusting goods, equipment and merchandise to unqualified carriers and/or persons;

ggg)  Failing to comply with industry best practices and/or safety standards; and

hhh)  Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff Engram.

79.  Defendants Carpenter, L&T and Starr, along with Hutchinson, each owed a duty to Plaintiff Engram to use reasonable care for his safety in all the particulars as set forth throughout this Complaint.

80.  Defendants Carpenter, L&T and Starr, along with Hutchinson, as described throughout this Complaint, exhibited a conscious disregard for the rights and safety of Plaintiff Engram, and other individuals who were operating vehicles at and/or near the crash location, as their stated conduct had a great probability of causing substantial harm.

81.    Defendants Carpenter, L&T and Starr, along with Hutchinson, by and through their actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, breached their duties owed to Plaintiff Engram, in all the particulars as pleaded throughout this Complaint.

82.    The actions and omissions of Defendants Carpenter, L&T and Starr, along with Hutchinson, as described throughout this Complaint, constituted reckless, wanton, willful and gross acts toward the health and welfare of Plaintiff Engram.

83.    The actions and omissions of Defendants Carpenter, L&T and Starr, along with Hutchinson, as described throughout this Complaint, were so outrageous that punitive damages should be assessed against each of them, to punish and deter them and others from behaving similarly in the future.

84.    Defendants Carpenter, L&T and Starr are each fully liable for the injuries and damages of Plaintiff Engram as a result of their own misconduct, through the misconduct of their controlled subsidiaries, agents, employees, representatives and/or through the theories of joint and several liability, joint venture, or other common law or statutory theory.

85.    As a direct, proximate and reasonably foreseeable result of Defendants Carpenter, L&T and Starr, along with Hutchinson's negligent careless and/or reckless conduct as described herein, Plaintiff Engram suffered significant personal injuries and damages, some and/or all of which are

reasonably certain to be permanent, as plead more fully throughout this Complaint.

86.    As a direct, proximate and reasonably foreseeable result of Defendants Carpenter, L&T and Starr, along with Hutchinson's negligent careless and/or reckless conduct as described herein, Plaintiff Engram has experienced severe physical pain, mental and emotional anguish, annoyance, inconvenience and diminishment in his ability to fully function, enjoy life and earn a living.

87.    As a direct, proximate and reasonably foreseeable result of Defendants Carpenter, L&T and Starr, along with Hutchinson's negligent careless and/or reckless conduct as described herein, Plaintiff Engram is reasonably certain to continue to experience into the future, and potentially permanently, severe physical pain, mental and emotional anguish, annoyance, inconvenience and diminishment in his ability to fully function, enjoy life and earn a living.

88.    As a direct, proximate and reasonably foreseeable result of Defendants Carpenter, L&T and Starr, along with Hutchinson's negligent careless and/or reckless conduct as described herein, Plaintiff Engram is reasonably certain to incur a permanent and substantial physical deformity/disfigurement, a permanent physical function injury, future physical pain, future mental and emotional anguish, future annoyance, inconvenience and a diminishment in his ability to fully function, enjoy life and earn a living.

89.    As a direct, proximate and reasonably foreseeable result of Defendants Carpenter, L&T and Starr, along with Hutchinson's negligent careless and/or reckless conduct as described herein, Plaintiff Engram has incurred medical bills and lost wages.

90.    As a direct, proximate and reasonably foreseeable result of Defendants Carpenter, L&T and Starr, along with Hutchinson's negligent careless and/or reckless conduct as described herein, Plaintiff Engram is reasonably certain to incur future medical bills and future lost wages.

WHEREFORE, Plaintiff, Antwan Engram, respectfully prays that judgment be entered against the Defendants Dale Carpenter, L&T Trucking, Inc. and Star Logistics, LLC, jointly and severally, for compensatory damages, as well as punitive damages, and for pre-judgment and post-judgement interest, attorneys' fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and other such relief as this Court deems proper.

<u>**A JURY TRIAL IS DEMANDED ON ALL ISSUES.**</u>

<u>*/s/ Christopher J. McCabe, Esq.*</u>
JAMES G. BORDAS, III (#8518)
CHRISTOPHER J. McCABE, ESQ. (#13652)
 1358 National Road
 Wheeling, WV 26003
 (T) 304-242-8410
 (F) 304-242-3936
 (E) JBordasiii@bordaslaw.com
     CMcCabe@bordaslaw.com